# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-04830-RGK (FFM) | Date | March 06, 2017 |
|---|---|---|---|
| Title | *ALLIED CONCRETE and SUPPLY CO. v. EDMUND GERALD BROWN Jr.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Summary Judgment and for a Permanent Injunction (DE 86)

## I. INTRODUCTION

On June 30, 2016, Allied Concrete and Supply Co.; CalPortland Company; Gary Bale Redi-Mix Concrete, Inc.; Holliday Rock Co., Inc.; National Ready Mixed Concrete Co.; Robertson's Ready Mix, Ltd.; Spragues' Rock and Sand Company; and Superior Ready Mix Concrete L.P. (collectively, "Plaintiffs") filed the present action seeking to prohibit the enforcement of California Labor Code § 1720.9 (hereinafter referred to as "§ 1720.9"). Plaintiffs bring this action against Director of California's Department of Industrial Relations Christine Baker and California's Labor Commissioner Julie Su (collectively, "Defendants").[1] Defendants are state officials responsible for enforcing § 1720.9.

On October 18, 2016, the Court issued a preliminary injunction prohibiting the enforcement of § 1720.9, which the Ninth Circuit subsequently stayed pending appeal. On December 2, 2016, the Court granted Defendants' Motion to Dismiss as to Plaintiffs' preemption claim, and denied the motion as to Plaintiffs' Equal Protection claim.

Currently before the Court is Plaintiffs' Motion for Summary Judgment as to their Equal Protection claim and for a Permanent Injunction ("Motion"). For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

The California Prevailing Wage Law ("CPWL") defines "public works" as construction or related work that is "done under contract and paid for in whole or in part out of public funds." Cal. Lab. Code § 1720(a)(1). Workers carrying out such projects must be paid at least the prevailing wage. Cal. Lab. Code § 1771.

---

[1] Defendant Edmund Gerald Brown, Jr. (Governor of California) was dismissed from the case by stipulation on August 19, 2016. (Stipulation to Dismiss Def. Edmund Gerald Brown Jr., ECF No. 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-04830-RGK (FFM) | Date | March 06, 2017 |
| Title | *ALLIED CONCRETE and SUPPLY CO. v. EDMUND GERALD BROWN Jr.* | | |

In 2015, the California Legislature passed Assembly Bill 219, which expanded the coverage of the CPWL. Previously, drivers hauling construction materials to public works sites who were employed directly by construction-materials manufacturers were not included in the CPWL. Assembly Bill 219 was codified as § 1720.9, and it went into effect on July 1, 2016. Section 1720.9 expanded the definition of public works to include "the hauling and delivery of ready-mixed concrete to carry out a public works contract." Cal. Lab. Code § 1720.9(a). Section 1720.9, however, expanded the CPWL only to ready-mixed concrete drivers, as opposed to all construction-materials drivers.

Plaintiffs are ready-mixed concrete manufacturers that employ their own drivers to deliver concrete to construction sites. Plaintiffs allege that § 1720.9 is unconstitutional because it arbitrarily subjects ready-mixed concrete manufacturers, but not other similarly situated construction-materials manufacturers, to certain requirements of the CPWL.

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such a showing, a court may grant summary judgment on all or part of the claim. *See id.*

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party need only show that there is an absence of evidence to support the non-moving party's case. *See id.*

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Id.* at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

### IV. DISCUSSION

Plaintiffs move for: (A) summary judgment as to their Equal Protection claim; and (B) an order permanently enjoining the enforcement of § 1720.9. The Court addresses each in turn.

#### A. Equal Protection

The Equal Protection Clause states, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal Protection analysis involves: (1) identifying the State's classification; (2) determining the appropriate level of scrutiny; and (3) applying the appropriate level of scrutiny to the State's classification. *See Country Classic Dairies, Inc. v. Milk*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04830-RGK (FFM) | Date | March 06, 2017 |
|---|---|---|---|
| Title | ***ALLIED CONCRETE and SUPPLY CO. v. EDMUND GERALD BROWN Jr.*** | | |

*Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). If the State's classification does not pass the relevant level of scrutiny, then the classification is unconstitutional.

1. *§ 1720.9's Classification*

The first step in Equal Protection analysis is to identify the challenged classification. *Id*. Section 1720.9 extends the CPWL to the hauling and delivery of ready-mixed concrete to public works sites, but not to the hauling and delivery of other construction materials. In short, § 1720.9 classifies ready-mixed concrete drivers differently than other materials drivers.

"The Equal Protection Clause does not forbid classifications." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). It simply prevents the government from treating groups differently that are in all *relevant* respects similarly situated under the law. *Id*. Therefore, the question before the Court is not whether ready-mixed concrete drivers are similarly situated in all respects to the hauling and delivery of other materials. Rather, the question is whether ready-mixed concrete drivers are similarly situated *as it pertains to the CPWL. See Ariz. Dream Act Coal. v. Brewer*, No. 15-15307, 2017 U.S. App. LEXIS 1919 *14–15 (9th Cir. Feb. 2, 2017).

Defendants submitted ample evidence describing differences between ready-mixed concrete drivers and other construction-materials drivers. According to Defendants, ready-mixed concrete drivers are not similarly situated because they drive specialized trucks that require more skill and a higher driver's license classification. Defendants also contend that ready-mixed concrete drivers are not similarly situated because they are more likely to be employees, whereas other materials drivers tend to be independent contractors. Defendants further argue that the physical properties of ready-mixed concrete are different than other construction materials.

For purposes of the Court's analysis however, these differences are immaterial. In this instance, all that matters for inclusion in the CPWL is whether or not drivers are hauling and delivering construction materials to public works sites. A driver's employment status or a material's physical properties, for instance, would be outside that scope. As such, in all respects *relevant* to the CPWL, ready-mixed concrete drivers and other materials drivers are similarly situated.

2. *Level of Scrutiny*

The second step in Equal Protection analysis is to determine the applicable level of scrutiny. *Country Classic Dairies*, 847 F.2d at 596. The parties agree, as does the Court, that ready-mixed concrete drivers are not a suspect class. As a result, § 1720.9 is subject to rational basis review. *See F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993).

Under rational basis review, a state statute will be upheld if it is "rationally related to a legitimate governmental purpose." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1137 (9th Cir. 2009). Statutes are presumed to be constitutional, and the party attacking the statute bears the burden of negating every

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-04830-RGK (FFM) | Date | March 06, 2017 |
|---|---|---|---|
| Title | *ALLIED CONCRETE and SUPPLY CO. v. EDMUND GERALD BROWN Jr.* | | |

conceivable basis that might support it. *Heller v. Doe*, 509 U.S. 312, 320 (1993). But this inquiry is not a "license for courts to judge the wisdom, fairness, or logic of legislative choices." *Beach Commc'ns, Inc.*, 508 U.S. at 313. If there are "plausible reasons" for the government's classification, the Court's "inquiry is at an end." *Id.* at 313–14.

### 3. *Application of Rational Basis to § 1720.9's Classification*

The final step in Equal Protection analysis is to apply the relevant level of scrutiny to the challenged classification. Here, that means determining whether classifying ready-mixed concrete drivers differently than other materials drivers under the CPWL is rationally related to a legitimate governmental purpose.

Plaintiffs do *not* challenge whether there is a rational basis for including the hauling and delivery of ready-mixed concrete in the CPWL scheme. Rather, they allege that there is no rational basis to single out ready-mixed concrete for inclusion while leaving out all other construction materials.

Defendants advance five rationales to justify § 1720.9's differential classification, none of which persuade the Court that classifying ready-mixed concrete differently than other materials under the CWPL is rationally related to a legitimate governmental purpose. The Court addresses each potential rationale in turn.

#### a. *Rationale 1: Addressing Perceived Problems Incrementally*

First, Defendants argue that § 1720.9's classification is justified because the Legislature has the power to address perceived problems with an incremental or piecemeal approach. In general, "[l]egislatures may implement their program step by step, in such economic areas, adopting regulations that only partially ameliorate a perceived evil and deferring complete elimination of the evil to future regulations." *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). However, a purported rationale that contradicts the particular statute's legislative history does not satisfy rational basis review. *See Merrifield v. Lockyer*, 547 F.3d 978, 991 (9th Cir. 2008).

In a Senate Committee Analysis report on June 24, 2015, the proponents of Assembly Bill 219 noted that "various amendments [were] taken to address the concerns of opposition including: limiting the bill to ready-mixed concrete only to remove concern about expansion to other materials . . . ." (Defs.' Req. for Judicial Notice Ex. H at 25, ECF No. 91-7.) In the Third Reading Analysis of Assembly Bill 219 on June 1, 2015, and the Concurrence in Senate Amendments of Assembly Bill 219 on August 31, 2015, the Bill's sponsors concluded that Assembly Bill 219 was "about uniformity and a fair application of the prevailing wage law to deliveries of ready-mix and not about expanding [the] prevailing wage to all material[s] drivers." (Pls.' Req. for Judicial Notice Ex. E at 29, Ex. I at 55, ECF No. 87.) Various legislative history reports also indicate that Assembly Bill 219's opponents were concerned that the Bill would set off a "chain reaction" and ultimately extend the CPWL to other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04830-RGK (FFM) | Date | March 06, 2017 |
|---|---|---|---|
| Title | *ALLIED CONCRETE and SUPPLY CO. v. EDMUND GERALD BROWN Jr.* | | |

materials drivers. (Defs.' Req. for Judicial Notice Ex. H at 24; Pls.' Req. for Judicial Notice Ex. B at 17, Ex. C at 22, Ex. D at 25, Ex. H at 52.)

Defendants seek to justify § 1720.9's classification on the basis that the Legislature could have been acting incrementally, but there are no facts to support that assertion. On the contrary, section 1720.9's legislative history actually suggests that enacting § 1720.9 was *not* about incrementally expanding the CPWL to other materials drivers. As such, this rationale cannot justify § 1720.9's classification.

Defendants suggest that this decision will somehow prevent future legislatures from acting incrementally to include other materials drivers in the CPWL in the future. It does no such thing. The Court is simply preventing Defendants from justifying § 1720.9 with a rationale that contradicts this statute's specific legislative history.

        *b.*     *Rationale 2: An Industry's Ability to Comply with § 1720.9*

Second, Defendants contend that a legislative classification can be justified solely by the target industry's ability to comply with a law. The Court disagrees. Targeting one group with legislation simply because that group has the ability to comply with the legislation is *not* a legitimate governmental purpose.

Defendants rely on *International Franchise Association, Inc. v. City of Seattle* ("*International Franchise*"), where the Ninth Circuit stated that the government could set "minimum wage based on economic factors, such as the ability of employers to pay those wages." 803 F.3d 389, 407 (9th Cir. 2015). *International Franchise*, however, does not support Defendants' argument.

In *International Franchise*, the city of Seattle passed a new minimum wage law for all workers. *Id*. The new law raised the minimum wage in stages over time on two different schedules. *Id*. at 397. Large employers (businesses with more than 500 employees) and franchisees (with any number of employees) were given three years to comply with the new law, while small employers (businesses with less than 500 employees) were given six years to comply. *Id*. Franchisees alleged that the new law violated Equal Protection because it treated franchisees differently than other small businesses. The court disagreed, finding that it was rational for the Legislature to believe that franchisees were in a better position to pay the new minimum wage sooner than other small employers. *Id*. at 407.

In *International Franchise*, the minimum wage law applied to all groups, but set different phase-in dates for some groups based on their ability to comply with the law. Here, by contrast, Defendants attempt to use *International Franchise* to justify passing a law that does not apply to all groups, but rather targets a single group based on that group's ability to comply with the law.[2]

---

[2] The Court notes that even under Defendants' reading of *International Franchise*, there is no evidence to suggest that ready-mixed concrete manufacturers are more capable of paying prevailing wages than other materials manufacturers. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04830-RGK (FFM) | Date | March 06, 2017 |
|---|---|---|---|
| Title | ***ALLIED CONCRETE and SUPPLY CO. v. EDMUND GERALD BROWN Jr.*** | | |

As discussed above, targeting one group solely because that group has the ability to comply is not a legitimate governmental purpose. As such, Defendants' rationale does not justify § 1720.9's classification.

    c.  *Rationale 3: Ensuring High Quality Work on Public Infrastructure*

Third, Defendants argue that § 1720.9's classification is justified because the Legislature could have reasoned that extending the CPWL to ready-mixed concrete drivers would ensure that high quality work is performed on public infrastructure projects. The parties largely dispute how often ready-mixed concrete is used on structural projects and the scope of drivers' duties on those projects. Nevertheless, common sense dictates that not all ready-mixed concrete used on public works is for structural projects, and even when it is, not all drivers carry out tasks that actually affect the project's structural integrity. Given that only *some* ready-mixed concrete drivers work on public infrastructure projects, the proposed rationale does not justify extending the CPWL to *all* ready-mixed concrete drivers on *all* public works projects. Under rational basis review, the Legislature is permitted to make broad generalizations about different classes of individuals, as long as they are not arbitrary or irrational. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 84 (2000); *Armour v. City of Indianapolis*, 566 U.S. 673, 685 (2012). Section 1720.9's classification, however, is so broad that it does not rationally relate to such a narrow governmental purpose.

    d.  *Rationale 4: Permitting Union Contractors to Compete with Nonunion Contractors*

Fourth, Defendants argue that § 1720.9's classification is justified because it requires that all ready-mixed concrete drivers receive the prevailing wage, thereby limiting the ability of nonunion employers (that previously paid lower wages) to consistently underbid union employers on hauling contracts for public works projects. The California Supreme Court has stated that one goal of the CPWL is "to permit union contractors to compete with nonunion contractors." *Lusardi Constr. Co. v. Aubry*, 1 Cal. 4th 976, 987 (1992). Defendants, therefore, reason that § 1720.9's classification is justified because the disparity between prevailing wage rates and nonunion rates among ready-mixed concrete drivers is greater than the disparity between those rates among other materials drivers.

While protecting unions may validly be an intended effect of a piece of legislation, legislation passed for the *sole purpose* of protecting union employers from non-union competition will not pass constitutional muster. *See Merrifield*, 547 F.3d at 991 n.15 ("[E]conomic protectionism for its own sake, regardless of its relation to the common good, cannot be said to be in furtherance of a legitimate

---

fact, there is evidence to the contrary. In their opposition to the Motion, Defendants suggest that the disparity between prevailing wage rates and nonunion rates is larger for ready-mixed concrete drivers than for drivers of all other construction materials. (Defs.' Opp'n to Mot. for Summ. J. 22:13–16, ECF No. 91.) As such, it appears that the CPWL might actually impose a larger economic burden on ready-mixed concrete manufacturers than it would on other materials manufacturers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-04830-RGK (FFM) | Date | March 06, 2017 |
|---|---|---|---|
| Title | *ALLIED CONCRETE and SUPPLY CO. v. EDMUND GERALD BROWN Jr.* | | |

governmental action.") As such, the rationale of economically protecting unions cannot independently justify § 1720.9's classification.

### e. Rationale 5: Clarifying the Application of the CPWL

Fifth, Defendants contend that § 1720.9's classification is justified because the Legislature could have wanted to provide a bright line rule to remove uncertainty over which drivers are covered under the CPWL. However, while the desire to promote a uniform and consistent application of the CPWL would justify extending the CPWL to *all* materials drivers, it does not justify an extension *solely* to ready-mixed concrete. This rationale would be valid if the CPWL's prior application was inconsistent only as to the hauling and delivery of ready-mixed concrete. The legislative history, however, shows that the inconsistent application existed for *all* materials. As such, the State's interest in clarifying the application of the CPWL does not justify 1720.9's classification.

For the foregoing reasons, the Court concludes that § 1720.9's classification between ready-mixed concrete drivers and other materials drivers is arbitrary, and does not withstand rational basis review. While Defendants have articulated several rationales that may be legitimate governmental interests, they have not demonstrated that § 1720.9's differential classification is rationally related to any of those interests.

As such, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment.

### B. **Permanent Injunction**

When a statute is deemed unconstitutional, a permanent injunction is warranted. *See Goldie's Bookstore, Inc. v. Superior Court of California*, 739 F.2d 466, 472 (9th Cir. 1984); *Ariz. Dream Act Coal.*, 2017 U.S. App. LEXIS 1919 at *42. Defendants do not contest Plaintiffs request for a permanent injunction if they prevail, but instead argue that the Court should stay the final injunction pending appeal. At this time, however, Defendants request to stay the injunction pending appeal is premature because an appeal of the final judgment has not been filed. Fed. R. Civ. P. 62(c).

As such, the Court **GRANTS** Plaintiffs' Motion for a Permanent Injunction. The Court **ORDERS** Plaintiffs to submit a proposed final judgment and permanent injunction order within **seven days** of the entry of this order.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-04830-RGK (FFM) | Date | March 06, 2017 |
|---|---|---|---|
| Title | *ALLIED CONCRETE and SUPPLY CO. v. EDMUND GERALD BROWN Jr.* | | |

## V.   EVIDENTIARY OBJECTIONS

To the extent the Court has relied on evidence to which the parties have objected, those objections are overruled.

## VI.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment and for a Permanent Injunction. The Court **ORDERS** Plaintiffs to submit a proposed final judgment and permanent injunction order within **seven days** of the entry of this order.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer